UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VILA REZAI, et al.,<br><br>                            Plaintiffs,<br><br>v.<br><br>ANTONY J. BLINKEN, et al.,<br><br>                            Defendants. | Case No.: 3:24-cv-01016-CAB-JLB<br><br>**ORDER GRANTING MOTION TO DISMISS** |

On June 10, 2024, Plaintiff Vila Rezai ("Plaintiff Vila"), et al., filed this lawsuit and petition for a writ of mandamus against Defendants Antony Blinken, in his official capacity as U.S. Secretary of State, and Robert Jachim, in his official capacity as Acting Director of Screening, Analysis, and Coordination. Plaintiffs seek to compel adjudication of the immigrant visa application of beneficiary Plaintiff Leila Rezaeiporianfarzin ("Plaintiff Leila") and derivative beneficiary Plaintiff Bahram Javanshir Heidari ("Plaintiff Bahram"). Defendants filed a motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. The Court finds this case suitable for determination on the papers and without oral argument. *See* S.D. Cal. CivLR 7.1(d)(1). For the reasons explained further below, Defendants' motion to dismiss is **GRANTED**.

## I. BACKGROUND

Plaintiff Vila is a U.S. citizen who filed a Form I-130 for her sister Plaintiff Leila, an Iranian national and resident. Plaintiff Bahram, also an Iranian national and resident, is Plaintiff Leila's husband. U.S. Citizenship and Immigration Services approved Plaintiffs' Form I-130 on Mar. 21, 2006. Plaintiffs were found documentarily qualified on Nov. 1, 2021, and scheduled for an interview at the U.S. Embassy in Yerevan, Armenia. The Consular Section of the U.S. Embassy in Yerevan interviewed Plaintiffs Leila and Bahram on Mar. 23, 2023.

Plaintiffs state that after the interview, the consular officer refused their visa application under Section 221(g) of the U.S. Immigration and Nationality Act. The refusal document stated that the "refusal may be overcome when the requested documents are provided and/or administrative processing is complete." [ECF No. 1, Ex. D.] The requested documents were a DS Form 5535 and Plaintiff Bahram's military exemption letter, which Plaintiffs state they provided. A month after the interview, the U.S. Embassy in Yerevan additionally requested Plaintiffs' original birth certificates which Plaintiffs allege they provided and are still at the Embassy.

Since the interview, nineteen months have passed. Plaintiffs allege they have made several inquiries but have been ignored or only received template responses. Their application remains in administrative processing without a post-refusal adjudication. Plaintiffs seek injunctive relief and a writ of mandamus to compel Defendants to adjudicate Plaintiffs' application. Defendants moved to dismiss for lack of subject matter jurisdiction and/or failure to state a claim.

## II. LEGAL STANDARDS

### A. Rule 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) permits a party to move to dismiss based on the court's lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). The federal court is one of limited jurisdiction. *See Gould v. Mut. Life Ins. Co. of N.Y.*, 790 F.2d 769, 774 (9th Cir. 1986). Plaintiff has the burden of establishing that the court has subject matter

jurisdiction. *Ass'n. of Am. Med. Colls. v. United States*, 217 F.3d 770, 778–79 (9th Cir. 2000). As such, the court cannot reach the merits of any dispute until it confirms its own subject matter jurisdiction. *See Steel Co. v. Citizens for a Better Environ.*, 523 U.S. 83, 95 (1998). A defense of lack of "subject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived." *United States v. Cotton*, 535 U.S. 625, 630 (2002). The Court can adjudicate subject matter jurisdiction sua sponte. *See Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004). A facial attack to the Court's jurisdiction pursuant to Rule 12(b)(1) tracks "a motion to dismiss under Rule 12(b)(6)." *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014). Thus, in "determin[ing] whether the [plaintiff's] allegations are sufficient as a legal matter to invoke the [C]ourt's jurisdiction," the Court "[a]ccept[s] the plaintiff's allegations as true and draw[s] all reasonable inferences in the plaintiff's favor . . . ." *Id.*

**B.  Rule 12(b)(6)**

Federal Rule of Civil Procedure 12(b)(6) permits a party to raise by motion the defense that the complaint "fail[s] to state a claim upon which relief can be granted." The Court evaluates whether a complaint states a recognizable legal theory and sufficient facts in light of Federal Rule of Civil Procedure 8(a)(2), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Although Rule 8 "does not require 'detailed factual allegations,' . . . it [does] demand . . . more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim of relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570); *see also* Fed. R. Civ. P. 12(b)(6). A claim is facially plausible when the collective facts pled "allow . . . the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* There must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Facts "merely consistent with a defendant's liability" fall short of a plausible entitlement to relief. *Id.* (quoting *Twombly*,

550 U.S. at 557). The Court need not accept as true "legal conclusions" contained in the complaint, *id.*, or other "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). The Court accepts as true all allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. *See Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005).

## III.   DISCUSSION

Plaintiffs bring three claims. They allege that Defendants have unlawfully withheld and unreasonably delayed adjudication of Plaintiffs' application in violation of Sections 555(b) and 706(2) of the Administrative Procedures Act ("APA"), and the Mandamus Act. Defendants move to dismiss on the basis that Plaintiffs have failed to both establish subject matter jurisdiction and state a claim.

### A. The Court Analyzes Only the APA Claim

Section 555(b) of the APA "does not contain an independent cause of action, but instead creates a duty that some courts have held can be enforced through 5 U.S.C. § 706(1)." *Mosayebian v. Blinken,* No. 24-CV-130 JLS (MMP), 2024 WL 3558378, at *4 (S.D. Cal. July 25, 2024). Further, given that Plaintiffs' Section 706(2) claim seeks to compel adjudication of their visa application, it should instead be pleaded under Section 706(1) which permits a court to "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1). Additionally, Defendants construe Plaintiffs' claim under Section 706(1), and nowhere in Plaintiffs' Opposition do they object to such interpretation. The Court, therefore, only addresses Plaintiffs' Section 706(1) and Mandamus Act claims. *See Mosayebian,* 2024 WL 3558378, at *4–5 (deeming Plaintiff abandoned Section 706(2) claim because it parroted Section 706(1) claim's "'unlawful withholding' and 'unreasonable delay' allegations" and Defendant characterized it as such with no objection by Plaintiff).

A claim seeking relief under the Mandamus Act is essentially the same "as one for relief under § 706 of the APA." *Independence Min. Co., Inc. v. Babbitt*, 105 F.3d 502, 507

(9th Cir. 1997). "When a complaint seeks identical relief under the APA and the Mandamus Act, courts routinely elect to analyze [the] APA claim only." *Akbar v. Blinken*, No. 23CV1054-LL-BLM, 2023 WL 8722119, at *3 (S.D. Cal. Dec. 18, 2023); *see also Vaz v. Neal*, 33 F.4th 1131, 1135 (9th Cir. 2022). The Court thus elects to do so in this case.

### B. The Court has Subject Matter Jurisdiction

Defendants argue that the Court lacks subject matter jurisdiction specifically over Plaintiffs' mandamus claim. The Court, however, declines to consider this contention as the Court only analyzes the APA claim here. Plaintiffs allege that they are entitled to relief under the APA which is a federal statute. As such, the Court has subject matter jurisdiction over the APA claim through 28 U.S.C. § 1331. *See Vaz*, 33 F.4th at 1135 (finding district court had federal question subject matter jurisdiction over plaintiff's APA claim alleging government agency failed to perform its duty within a reasonable time); *see also Plaskett v. Wormuth*, 18 F.4th 1072, 1082 n.5 (9th Cir. 2021).

### C. Plaintiffs' APA Claim for Unreasonable Delay Fails

The parties dispute whether it is suitable to determine the reasonability of an agency delay at the motion to dismiss stage. The Court finds it proper to do so as authorizing discovery without Plaintiffs showing a plausible allegation of unreasonable delay "would 'lead to a substantial imposition on the government' given 'the surfeit of lawsuits challenging delays in processing visa application.'" *Mosayebian*, 2024 WL 639635, at *6 (quoting *Rashidi v. U.S. Dep't of State*, No. CV 23-1569 (JEB), 2023 WL 6460030, at *7 (D.D.C. Oct. 4, 2023)); *see also Bagherian v. Pompeo*, 442 F. Supp. 3d 87, 95 (D.D.C. 2020) (finding it appropriate to hold that a twenty-five-month delay was not unreasonable at the motion to dismiss stage).

"[A] court may compel agency action under the APA when the agency (1) has 'a clear, certain, and mandatory duty,' and (2) has unreasonably delayed in performing such duty . . . ." *Vaz*, 33 F.4th at 1136 (citation omitted). Here, even if the Court assumes Defendant has a clear and mandatory duty to adjudicate, Plaintiffs fail to allege that Defendants have unreasonably delayed post-refusal adjudication of Plaintiffs' visa

application. *See Lee v. Blinken*, No. 23-CV-1783 (DLF), 2024 WL 639635, at *4 (D.D.C. Feb. 15, 2024) ("The Court will assume without deciding that the plaintiffs allege the defendants are subject to a discrete, required duty because, in any event, they have not suffered an unreasonable delay . . . ." (footnote omitted)). "To determine whether an agency's delay is unreasonable under the APA, [the Ninth Circuit] use[s] the *TRAC* factors—the-six factor balancing test announced in *Telecommunications Research & Action Center v. FCC*, 750 F.2d 70, 79–80 (D.C. Cir. 1984) ('*TRAC*')". *Vaz*, 33 F.4th at 1137. The factors are as follows:

"(1) the time agencies take to make decisions must be governed by a 'rule of reason';

(2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason;

(3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake;

(4) the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority;

(5) the court should also take into account the nature and extent of the interests prejudiced by delay; and

(6) the court need not 'find any impropriety lurking behind agency lassitude in order to hold that agency action is "unreasonably delayed."'"

*TRAC*, 750 F.2d at 80 (citations omitted).

### 1. *TRAC* Factors One and Two

"The first two factors are often considered together" and the first is "often considered 'the most important.'" *Lee*, 2024 WL 639635, at *5 (quoting *In re Core Commc'ns, Inc.*, 531 F.3d 849, 855 (D.C. Cir. 2008)). Plaintiffs argue that the first two factors weigh in their favor because § 237 of Public Law 106-113 and the Department's Foreign Affairs Manual state that it shall be the policy of the State Department to process non-immediate

relative/other family-based immigration visa applications within sixty days. However, these provisions are accorded little weight as they are only aspirational targets for the Department. *See Mosayebian*, 2024 WL 3558378, at *10. Indeed, Congress rather has given "significant discretion . . . to the federal agencies tasked with processing immigration applicants and vetting them to protect the national security." *Pourshakouri v. Pompeo*, No. 20-CV-402 (RJL), 2021 WL 3552199, at *9 n.11 (D.D.C. Aug. 11, 2021). Moreover, in this specific context of a request for adjudication following a refusal, Courts have held that "[n]o statutory or regulatory timeline exists within which the State Department or a consular office must re-adjudicate visa applications." *Barazandeh v. U.S. Dep't of State*, No. CV 23-1581 (BAH), 2024 WL 341166, at *8 (D.D.C. Jan. 30, 2024).

With no "congressionally supplied yardstick," the Court looks to caselaw as guideline for whether a nineteenth-month delay is unreasonable. *Sarlak v. Pompeo*, No. 20-cv-35, 2020 WL 3082018, at *6 (D.D.C. June 10, 2020). "Even though courts have drawn no bright lines to determine reasonableness, district courts have generally found that immigration delays of two to three years are reasonable." *Barazandeh*, 2024 WL 341166, at *8. Indeed, "many courts evaluating similar delays have declined to find a two-year period to be unreasonable as a matter of law." *Ghadami v. United States Dep't of Homeland Sec.*, No. CV 19-00397 (ABJ), 2020 WL 1308376, at *8 (D.D.C. Mar. 19, 2020).

Here, Plaintiffs' post-refusal adjudication has been pending in administrative processing for nineteen months.[1] The Court finds that factors one and two weigh for defendants due to the significant deference provided to the State Department in administering immigration visa applications and because a nineteen-month delay is not unreasonable according to extensive caselaw. The Court is especially hesitant to find

---

[1] The parties dispute when to begin measuring the delay. The Court is persuaded that it shall begin upon "the date of the last concrete step taken by the government—typically, the date of the consulate interview." *Mosayebian*, 2024 WL 3558378, at *8. Here, that date is Mar. 23, 2023.

otherwise "[g]iven the complex and sensitive nature of visa determinations" which "fall outside of [the Court's] typical expertise." *Mosayebian*, 2024 WL 3558378, at *8.

### 2. *TRAC* Factors Three and Five

Courts frequently examine *TRAC* factors three and five, which consider potential harm and prejudice to plaintiffs, together as well. *See Ordian v. Blinken*, No. CV 23-2993 (TSC), 2024 WL 3251226, at *6–7 (D.D.C. July 1, 2024). Plaintiffs allege that the delay in adjudication is causing severe emotional and psychological harm to the entire family as they seek to restart their life together in the United States. They also note the situation in Iran is volatile, that Plaintiff Vila is at risk as a dual national in Iran, and that Plaintiff Bahram has been harassed by the Iranian government. The Court recognizes that prolonged volatility and uncertainty in one's family situation can take an immense toll. Moreover, Defendants do not dispute that "Plaintiffs have suffered emotionally . . . and there are health and welfare implications." [ECF No. 12, 12.] Accordingly, the Court finds factors three and five to weigh in favor of Plaintiff.

### 3. *TRAC* Factor Four

The fourth factor is considered among the most important. *Milligan v. Pompeo*, 502 F. Supp. 3d 302, 319 (D.D.C. 2020). Plaintiffs argue that "there is no higher or competing priority. Immigrant visas, and not nonimmigrant visas, should be Defendants' priority." [ECF No. 1, ¶ 107.] They further contend that "Defendants have not established that there is a queue, let alone Plaintiffs' place therein." [ECF No. 14, 33] At the same time, however, Plaintiffs allege there is a backlog of tens of thousands of security screenings. [ECF No. 1, Ex. A, ¶¶ 23–25.] The Court is persuaded that "[o]ne need not unearth the details of the visa-adjudication process . . . to surmise that the relief Plaintiffs seek would reorder [Department] priorities." *Rashidi*, 2023 WL 6460030, at *6. Further, "[p]rocessing capacity is presently a zero-sum game [and] granting plaintiffs' request to expedite would necessarily mean additional delays for other applicants—many of whom undoubtedly face hardships of their own." *Ordian*, 2024 WL 3251226, at *7 (quoting *Murway v. Blinken*,

No. 21-cv-1618, 2022 WL 493082, at *4 (D.D.C. Feb. 16, 2022) (quotation omitted)). As such, the Court finds that factor four weighs for Defendants.

### 4. *TRAC* Factor Six

Plaintiff alleges that Defendants have acted with impropriety by disregarding "the indefinite suffering of working families and the time-sensitive nature of the Plaintiffs' case." [ECF No. 1, ¶ 110.] Factor six, however, asks "whether the *reason* behind the delay is improper (*e.g.*, intentional or motivated by animus)." *Mosayebian*, 2024 WL 3558378, at *11 (emphasis added). Plaintiffs do not allege such impropriety. Factor six, nonetheless, is neutral as "the absence of impropriety does not weigh against Plaintiffs." *Id.*

In sum, then, with the most important factors—one and four—favoring Defendants, and given the extensive caselaw that has reached the same outcome for similar and longer delays, the Court finds the *TRAC* balancing test to weigh in favor of Defendants. The Court declines to order Defendants to rearrange their processing priorities as Congress has provided them with significant discretion. The Court accordingly finds that Plaintiffs have failed to state a claim for unreasonable delay under the APA and **GRANTS** Defendants' motion to dismiss.

### D. Plaintiffs' APA Claim for Unlawful Withholding Fails

As aforementioned, Plaintiffs incorrectly pleaded their claim for unlawful withholding under Section 706(2) instead of 706(1). Plaintiffs allege that "Defendants have unlawfully withheld agency action to adjudicate the Plaintiffs' Immigrant Visa Application, and in doing so they have caused an unreasonable delay." [ECF No. 1, ¶ 101.] The Court finds that Plaintiffs' "'unlawfully withheld' claim sounds in 'unreasonabl[e] delay[],'" and Plaintiffs do not sufficiently distinguish "between visa adjudications being 'unlawfully withheld' as opposed to 'unreasonably delayed' under § 706(1)." *Lee*, 2024 WL 639635, at *7 (alterations in original) (quoting *Tate v. Pompeo*, 513 F. Supp. 3d 132, 147 n.6 (D.D.C. 2021)). The Court's "unreasonable delay" analysis "therefore addresses the entirety of [P]laintiffs' § 706(1) claim[] to compel agency action." *Tate*, 513 F. Supp.

3d at 147 n.6. The Court then finds that Plaintiffs' claim for unlawful withholding similarly fails, and **GRANTS** Defendants' motion to dismiss.

### IV. Conclusion

For the above-stated reasons, Plaintiffs' claims against Defendants are **DISMISSED** without leave to amend as no amendments to the Complaint would change the Court's conclusion. *See Mosayebian*, 2024 WL 3558378, at *12. This dismissal, however, is **WITHOUT PREJUDICE** to refiling should later circumstances demonstrate an unreasonable delay. *Id.*

It is **SO ORDERED.**

Dated: November 18, 2024

Hon. Cathy Ann Bencivengo
United States District Judge